IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Jaymie Carter, | ) | C/A No. 6:25-cv-00155-JDA-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Greenville County, City of Greenville, | ) | |
| Sgt. Nicole Drummond, and | ) | |
| Scotty Bodiford, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the motions for summary judgment of the defendant City of Greenville ("the City") (doc. 17); defendants Greenville County ("the County"), Sgt. Nicole Drummond, and Scotty Bodiford (doc. 18); and the plaintiff Jaymie Carter (doc. 19). The plaintiff, who is represented by counsel, brought this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court.

## I. FACTS PRESENTED AND PROCEDURAL HISTORY

On March 18, 2023, the plaintiff was arrested and charged with felony driving under the influence, resulting in great bodily injury; alcohol/open container of beer or wine in a motor vehicle; and obstruction of justice (doc. 18-3 at 2). When he was booked into the Greenville County Detention Center ("GCDC"), the plaintiff had a Texas driver's license (doc. 18-5 at 11, Carter dep. at 64:16–19). On March 19, 2023, the Greenville Municipal

Court issued a discharge order[1] with the condition that the plaintiff be placed on secure continuous remote alcohol monitoring ("SCRAM") (doc. 18-6 at 2). SCRAM is a form of electronic monitoring, and participants are subject to the conditions of the home incarceration program ("HIP"), which is administered by the GCDC (doc. 18-19; doc. 18-7 at 26–27, Drummond dep. at 120:6–24, 122:9–18). The GCDC policy for the HIP generally requires residency in Greenville County (doc. 18-20 at 10). Participants are required to have a stable address, and it is the HIP coordinator's responsibility to ensure eligibility (doc. 18-19 at 7). A stable residence is typically verified by a lease, but the inmate can use other proof of mail with the inmate's name and address if he does not have a lease (doc. 18-7 at 7, Drummond dep. at 20:13–24). If a candidate is unsuitable for the HIP, "the Jail Administrator or his designee, will notify the inmate's sentencing Judge and wait for final decision" (doc. 18-19 at 7).

On March 19, 2023, the GCDC began the process to enroll the plaintiff into SCRAM (doc. 18-7 at 4, Drummond dep. at 16:4–6). During this time, the plaintiff made phone calls to obtain proof of his Greenville County address.[2] In these phone calls, the plaintiff discussed altering a copy of a lease to add his name (doc. 18-11 at 9–10, Jail Call No. 1 at 8:18–9:23) and going back to Texas when released (*id.* at 19–20, 31–32, Jail Call No. 2 at 18:20–23, 19:16–20). On March 20, 2023, Sgt. Drummond contacted Greenville Municipal Court Judge Matthew R. Hawley to report the plaintiff's Texas address and purported statement regarding going back to Texas when released (doc. 19-9 at 16, Drummond dep. at 33:3–16).

---

[1] The discharge order stated that the plaintiff had posted bond in the amount of $30,000.00 (doc. 18-6 at 2).

[2] In an affidavit, the plaintiff claims that these transcripts "had been altered, redacted, and rewritten" (doc. 19-8 at 3). However, the undersigned has listened to the phone call recordings (doc. 18-26) and has found no discrepancies.

On March 24, 2023, the Greenville Municipal Court issued an order for the GCDC to hold the plaintiff pending a hearing (doc. 18-13 at 2). After a hearing on March 30, 2023, Judge Hawley ordered the GCDC to hold the plaintiff until he had a bond hearing with a circuit court judge because the plaintiff did not provide him with an adequate address (doc. 18-14 at 2). On June 5, 2023, the circuit court ordered the plaintiff's "Bond be Reinstated" subject to the original conditions with GPS monitoring added (doc. 19-6 at 2).

The plaintiff filed this action on June 30, 2023, in the Greenville County Court of Common Pleas (doc. 1-2) and filed an amended complaint on January 6, 2025, alleging a claim under 42 U.S.C. § 1983 against the City and Sgt. Drummond for violation of the Fourteenth Amendment's Due Process Clause (doc. 1-13 at 7–8)[3] and state law causes of action for negligence, gross negligence, and recklessness against all defendants; false imprisonment against all defendants; violation of South Carolina Code Annotated § 22-5-510(b) against the County; and fraud against Sgt. Drummond (doc. 1-13 at 5–10). The defendants removed the case to this court on January 7, 2025, based on federal question jurisdiction (doc. 1). On January 14, 2025, the defendants filed their answers denying the allegations and raising various affirmative defenses, including qualified immunity for Sgt. Drummond (docs. 10, 11).

The parties filed motions for summary judgment on October 14, 2025 (docs. 17, 18, 19).[4] On October 28, 2025, they filed responses in opposition to these motions (docs. 21, 22, 23). On November 4, 2025, the defendants filed replies in support of their summary judgment motions (docs. 27, 28). Accordingly, this matter is ripe for review.

---

[3] The plaintiff claims that these two defendants violated his substantive due process rights, but the allegations refer to alleged issues with the procedure used to detain the plaintiff (*see* doc. 1-13 at 7–8). The amended complaint also refers to a "March 12, 2023" revocation and hearing but this appears to be a scrivener's error (*id.*; *see* doc. 19-2 at 12).

[4] In his filings, the plaintiff refers to the defendants as Defendants 1, 2, 3, and 4 (*see* docs. 1-13, 19, 23). The undersigned respectfully directs that in any subsequent filings the parties be identified by their names or titles rather than by a number.

## II. APPLICABLE LAW AND ANALYSIS

### A.    *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

4

**B.     Fourteenth Amendment**

The plaintiff's federal claim against Sgt. Drummond and the City for violating his rights is brought under the Fourteenth Amendment's Due Process Clause (doc. 1-13 at 7–8). Sgt. Drummond requests summary judgment on this claim because she did not violate any of the plaintiff's rights and is entitled to qualified immunity (doc. 18-1 at 15–20). The City seeks summary judgment because the plaintiff did not properly plead a *Monell*[5] claim (doc. 17-1 at 16–17). The plaintiff requests summary judgment because "Defendants' actions show a deliberate indifference to the Plaintiff's constitutional rights, and to his statutory rights"[6] (doc. 19 at 7). The plaintiff argues that the defendants infringed his constitutional rights by violating South Carolina Code Annotated § 17-15-55 and failing to provide him with bail (*id.* at 7–9). In response to the defendants' motions for summary judgment, the plaintiff argues that the defendants violated his Fourth Amendment right to liberty and his procedural due process rights by "[p]lacing Plaintiff on a 'hold' after bond had been posted and conditions met"; "[e]ngaging in ex-parte communications with the court regarding Plaintiff's bond status"; "[s]eeking modification or revocation of Plaintiff's bond without filing a proper motion"; and "[f]ailing to provide Plaintiff notice or an opportunity to respond to the requested changes" (doc. 23 at 5–7).

Under the Fourteenth Amendment, no State may "deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend. XIV. "However, the United States Constitution does not establish an absolute right to bail, nor does federal

---

[5] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[6] The plaintiff argues in his motion for summary judgment that all of the defendants violated his constitutional and statutory rights (doc. 19 at 6-10); however, his federal claim is alleged only against Sgt. Drummond and the City (*see* doc. 1-13 at 7–8). *See Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) (finding that a plaintiff cannot raise new claims in response to a motion for summary judgment, unless the plaintiff first amends his complaint) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

statutory law provide a right to bail in state criminal cases. . . . As Plaintiff ha[d] no federal right to be released on bond, his claims regarding [delayed release pending GPS monitor availability] must fail." *Odom v. Smalls*, No. 3:09-cv-00629-PMD, 2009 WL 3805594, at *3 (D.S.C. Nov. 12, 2009); *see also Price v. Kimbrough,* No. 1:20-cv-1123, 2022 WL 21842461, at *4 (M.D.N.C. Feb. 8, 2022), *R&R adopted by* 2022 WL 21842459 (M.D.N.C. Mar. 28, 2022) ("Here, Plaintiff's claims rely on his asserted right to pretrial release on the condition of location monitoring upon payment [of] his bond, even when no ankle monitors were available. The Constitution establishes no such right."). Here, the plaintiff had no right to bail under the Fourteenth Amendment. Further, even if the plaintiff had pled an Eighth Amendment violation, "[t]he Eighth Amendment addresses pretrial release by providing merely that '[e]xcessive bail shall not be required.' This Clause, of course, says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987). Accordingly, the plaintiff had no federal constitutional right to bail.

The plaintiff also claims in his response to the motion for summary judgment by the County, Sgt. Drummond, and Mr. Bodiford  – for the first time – that the defendants violated his Fourth Amendment rights (doc. 23 at 6–7). However, the plaintiff's only federal claim alleged in the amended complaint is under the Fourteenth Amendment (*see generally* doc. 1-13). As noted, the plaintiff may not raise a claim for the first time in response to the defendants' motions for summary judgment. *See Barclay White Skanska, Inc.*, 262 F. App'x at 563 (finding that a plaintiff cannot raise new claims in response to a motion for summary judgment, unless the plaintiff first amends his complaint) (citing *Gilmour*, 382 F.3d at 1315)). Accordingly, the plaintiff cannot assert this new Fourth Amendment claim in response to the defendants' motions for summary judgment.

The plaintiff also alleges that Sgt. Drummond and the City violated his procedural due process rights when depriving him of bail (doc. 23 at 5). "Procedural due process imposes constraints on governmental decisions, which deprive individuals of

'liberty' or 'property' interests within the meaning of the Due Process Clause . . . ." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). To establish a violation of procedural due process, a plaintiff must show that: (1) "he had a constitutionally cognizable life, liberty, or property interest"; (2) "the deprivation of that interest was caused by 'some form of state action'"; and (3) " 'the procedures employed were constitutionally inadequate.'" *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (internal and external citations omitted). To be accorded the protection of the Due Process Clause, the complaining party must have a liberty or property interest within the meaning of the Fourteenth Amendment. *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972). Although the plaintiff pled that several South Carolina statutes provide procedural rights, to be accorded the protection of the Fourteenth Amendment's Due Process Clause, the plaintiff must have a liberty or property interest within the meaning of the Fourteenth Amendment. *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972). In demonstrating an "interest worthy of protection under the Fourteenth Amendment's due process clause, a party may not simply rely upon the procedural guarantees of state law or local ordinance.'" *Lehman v. Sturza*, 1994 WL 329489, at *3 (4th Cir. July 12, 1994) (citation omitted). The court further stated:

> Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement. . . . The State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right.

*Id.* (citing *Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983)). As discussed above, the plaintiff has failed to show that he had a constitutionally protected right to bail. The cited state statutes do not create independent federal constitutional rights. As the plaintiff has failed to articulate any constitutionally recognized property or liberty interest that the

7

defendants deprived, he has failed to produce sufficient evidence supporting his claim for denial of substantive or procedural due process.

## C.    Qualified Immunity

Sgt. Drummond further argues that she is entitled to qualified immunity (doc. 18-1 at 18–20). The undersigned agrees.

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, a district court must decide (1) whether any right was violated, and (2) whether that right was "clearly established" at the time of the alleged violation. *Somers v. Devine*, 132 F.4th 689, 696 (4th Cir. 2025). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Fourth Circuit employs a split burden of proof for the qualified immunity defense. *Stanton*, 25 F.4th at 233. "The plaintiff bears the burden of proving the first prong, and the officer bears the burden on the second prong." *Id.* (citing *Henry v. Purnell*, 501 F.3d 374, 377–78 & n.4 (4th Cir. 2007)). "If the answer to *either* is 'no,' qualified immunity bars the claim." *Gelin v. Maryland*, 132 F.4th 700, 713 (4th Cir. 2025) (emphasis added). Here, as discussed above, the plaintiff has failed to demonstrate that Sgt. Drummond violated his constitutional rights. Therefore, Sgt. Drummond is entitled to qualified immunity on the plaintiff's § 1983 claim.

## D.    Municipal Liability

The City argues that summary judgment should be granted as to any potential § 1983 *Monell* claim because the plaintiff did not plead such a claim in his complaint (doc.

17-1 at 16–17). The plaintiff does not address this issue in his response to the defendants'
motion or in his own motion for summary judgment (*see* docs. 19, 23).

Municipalities and other local government units cannot be sued on a
respondeat superior theory for the unconstitutional acts of their employees. *Monell v. Dep't
of Soc. Servs*., 436 U.S. 658, 690–91 (1978). However, local governing bodies, such as
counties, municipal corporations, and school boards are "persons" that can be sued directly
under § 1983 for monetary, declaratory, or injunctive relief when alleged unconstitutional
action executes governmental policy or custom. *Id.* To establish municipal liability, a plaintiff
must plausibly allege that the defendants' policies caused the constitutional violation.
*McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 784 (1997). A municipality is responsible
only when execution of its policy or custom – made by its lawmakers or individuals whose
acts "may fairly be said to represent official policy" – inflicts injury. *Id.* (quoting *Monell*, 436
U.S. at 694); *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). When the alleged
constitutional deprivation is not an official act of a municipality, relief under § 1983 must be
sought against the officer in his individual capacity. *Hughes v. Blankenship*, 672 F.2d 403,
405–06 (4th Cir. 1982). A policy or custom for which a municipality may be held liable can
arise in four ways: (1) through an express policy, such as a written ordinance or regulation;
(2) through the decisions of a person with final policymaking authority; (3) through an
omission, such as a failure to properly train officers, that "manifests deliberate indifference
to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as
to constitute a "custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463 (4th Cir.
2003) (partially quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)).

Here, the plaintiff did not plead a *Monell* claim against the City. Under his
negligence claim, the plaintiff alleges that the City and County were negligent, grossly
negligent, or reckless "[b]y failing to train or supervise GCDC employees on proper bond
adherence" (doc. 1-13 at 6, amend. compl. ¶¶ 36, 40), but he did not provide any facts to

support this assertion or that this failure to train manifested a "deliberate indifference" to the plaintiff's rights. He did not plead any facts showing that the City was responsible for training GCDC employees. He also failed to plead that any policy or custom caused a constitutional violation. Accordingly, the City is entitled to summary judgment on any potential § 1983 *Monell* claim against it.

Based upon the foregoing, the undersigned recommends that the district court grants the defendants' motions for summary judgment on the plaintiff's claim against them under § 1983 for violation of the Fourteenth Amendment's Due Process Clause.

### E.    The Plaintiff's Motion for Summary Judgment

For the reasons discussed above, the plaintiff is not entitled to summary judgment on his § 1983 Fourteenth Amendment due process claim against the City and Sgt. Drummond, and his motion on this claim should be denied.

### F.    State Law Claims

The defendants and the plaintiff further move for summary judgment on the plaintiff's remaining state law claims for negligence, gross negligence, and recklessness against all defendants; false imprisonment against all defendants; violation of South Carolina Code Annotated § 22-5-510(b) against the County; and fraud against Sgt. Drummond (doc. 18-1 at 20–29; doc. 17-1 at 9–16). Should the district judge adopt the undersigned's recommendation and find that Sgt. Drummond and the City are entitled to summary judgment on the plaintiff's § 1983 due process claim, that Sgt. Drummond is entitled to qualified immunity, and that the plaintiff has failed to plead a *Monell* claim against the City, only the plaintiff's state law claims will remain. Therefore, it is recommended that the district judge decline to exercise supplemental jurisdiction over the plaintiff's state law claims, deny the defendants' and the plaintiff's motions for summary judgment on the state law claims as moot, and remand these remaining claims to state court. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction

over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."); s*ee also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). "With all its federal questions gone, there may be the authority to keep it in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so." *Waybright v. Frederick Cnty, MD*, 528 F.3d 199, 209 (4th Cir. 2008).

### III. CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the undersigned recommends that the district court grant the City's motion for summary judgment on the plaintiff's § 1983 due process claim and deny as moot the remainder of that motion as to the state court claims against the City (doc. 17); grant Sgt. Drummond's motion for summary judgment on the plaintiff's § 1983 due process claim and deny as moot the remainder of that motion as to the state court claims against Sgt. Drummond, Mr. Bodiford, and the County (doc. 18); and deny the plaintiff's motion for summary judgment on his federal claim and deny as moot the remainder of his motion as to his state law claims (doc. 19). The undersigned further recommends that the district court decline to exercise supplemental jurisdiction over the remaining state law claims and remand these claims to the Greenville County Court of Common Pleas.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

December 22, 2025
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).